**Order entered December 14, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-22-00418-CR

### BILLY KIPKORIR CHEMIRMIR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1875401-P**

## ORDER

Appellant's brief is overdue. The brief was due October 21, 2022. We notified appellant's counsel on October 26, 2022, by postcard that the brief was overdue and directed counsel to file within ten days both appellant's brief and an extension motion. We cautioned counsel that if the brief and an extension motion were not filed, we would order the trial court to conduct a hearing. As of the date of this order, neither the brief nor an extension motion have been filed.

The Court **ORDERS** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeals, whether appellant is indigent, or if not indigent, whether counsel has abandoned the appeals. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/ ERIN A. NOWELL
JUSTICE